UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FRED ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12:CV-2144 EFM/JPO |
| | ) | |
| SOUTHERN STAR CENTRAL GAS | ) | |
| PIPELINE, | ) | |
| | ) | |
| Defendant, | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Fred Abernathy and Defendant Southern Star Central Gas Pipeline hereby

stipulate, and the Court hereby finds as follows:

Plaintiff is a former employee of defendant and brings suit alleging age discrimination

and retaliation.  Due to the nature of these allegations, the parties may be requested and required

to produce documents and provide information and testimony of types listed in the following

paragraphs A and B, the public disclosure of which would cause specific harm to Plaintiff,

Defendant, and/or others not parties to this litigation and therefore are subject to protection for

good cause pursuant to Fed. R. Civ. P. 26(c)(2) and/or K.S.A. 60-3320 *et seq*. In addition, good

cause exists because otherwise discovery would be substantially hampered by the need to

determine contemporaneously whether particular materials, information, and testimony are

legally entitled to protection as trade secrets, proprietary information, or otherwise.

A.       Documents and information that contain confidential personnel information,

including but not limited to personnel files and documents, wage or payroll information, and

similar non-public information.

B.       Documents and information that contain confidential and proprietary information,

including but not limited to confidential commercial information relating to business practices,

financial records, competitive business strategies, research and development, technologies, contracts with third parties, actual revenue and revenue projections, sales records and sales projections, business plans, marketing strategies, and similar non-public information.

Based on the foregoing stipulation and findings, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.      <u>Information to be Protected</u>. All documents, testimony, and other discoverable information within the descriptions set out in paragraphs A and B above, whether in paper, electronic, machine-readable, or other form, that a party hereto, or third party, designates "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" in accordance with the procedure outlined below shall be subject to the terms and conditions of this Protective Order.

2.      <u>Marking of Designated Materials</u>. (a) Documents that a party reasonably and in good faith believes fall within the categories outlined in paragraphs A and B hereof and should be subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL" on each page of the document.

(b)      Documents that a party produces that it reasonably believes contain trade secrets or other proprietary information, information the disclosure of which would cause a competitive disadvantage to the party or give its competitors an advantage or benefit they otherwise would not have, or confidential health or personal information of non-parties shall be marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" on each page of the document.

3.      <u>Electronic Media</u>. To the extent that matter stored or recorded in the form of electronic, machine-readable or other media, including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes,

(hereafter "Computerized Material") is produced by any party in such form, the producing party may designate such matter as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by cover letter identifying such material or by affixing to such media a label with the appropriate legend. Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend indicated in the cover letter by which the material was sent or in accordance with the label affixed to the media on which it was sent.

4.    <u>Reproducing Electronic Media</u>. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information that is designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to the information therein, and shall affix to any media containing confidential information a label with the legend provided for in paragraph 2(a) or 2(b) above.

5.    <u>Designation After Production</u>. All materials that a party seeks to have protected under this Order shall be marked before providing a copy thereof to a receiving party. If materials already have been produced to another party, the party producing such materials shall notify the other party as soon as practicable following entry of this Protective Order that such documents shall be marked and deemed "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" and shall be subject to this Protective Order. Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall

thereafter treat the information as if it has been designated "CONFIDENTIAL" or

"CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," shall restrict the disclosure or use of

such information to only those persons qualified pursuant to this Order, and, if such information

has previously been disclosed to persons not qualified pursuant to this Order, shall take

reasonable steps to obtain all such previously disclosed information and advise such persons to

treat the designated materials confidentially as though originally so designated.

6.    <u>Use of Designated Materials</u>. Materials designated as "CONFIDENTIAL" or

"CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" may be used only for the purposes of

preparing for and conducting investigation, discovery, pretrial, trial, and appellate proceedings in

this litigation and any mediation or other settlement discussions or negotiations.

7.    <u>Access to "CONFIDENTIAL" Materials</u>. Information designated as

"CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way

to any person or entity with the exception of:

    (a)    the receiving party and directors, officers, employees, and former employees of the receiving party who are expected to be witnesses in this legal action or to whom it otherwise is necessary that the materials be shown for purposes of this action;

    (b)    counsel for a receiving party (including members and employees of such counsel's law firm);

    (c)    in-house counsel for Defendant. In addition, paralegals, assistants, and stenographic and clerical employees within the respective party's legal department shall also have access to such materials;

    (d)    persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons;

    (e)    deponents incident to their depositions;

    (f)    the Court, its officers and employees;

(g)     witnesses who are expected to testify in this action and to whose testimony the information is relevant;

(h)     the author of the document to be disclosed;

(i)     employees or agents of photocopy, printing, or data management services engaged for the purpose of reproducing or otherwise processing such information in this action; and

(j)     such other persons as hereafter may be designated by written agreement of the parties or by Order of the Court.

The foregoing persons, other than those listed in subparagraph 7(f), shall be made aware of this Order and shall agree to be bound by it.

8.      Access to Materials Marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY". Information designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a)     outside counsel for a party receiving the materials (including members and employees of such counsel's law firm);

(b)     in-house counsel for Defendant. In addition, paralegals, assistants, and stenographic and clerical employees within the respective party's legal department shall also have access to such materials;

(c)     persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons;

(d)     employees and former employees of the party that produced the materials; and

(e)     the Court and court personnel subject to the requirements of paragraph 14 of this Order.

Rules for the use and handling of materials marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" during the trial and any appeal in this matter shall be established at a later date.

9.      <u>Undertaking of Persons Receiving Designated Materials</u>. Any person to whom information subject to this Order is to be disclosed who is listed in subparagraphs 7(d), (e), (g), and (j) and paragraph 8(c), and who is not an employee of a party hereto, shall acknowledge and confirm by Declaration, in the form of Exhibit "A" hereto, that (s)he has read this Protective Order and agrees to comply with its terms. Attorneys of record shall be responsible for obtaining executed copies of Exhibit A from persons listed in this paragraph to whom they intend to disclose documents or information subject to this Order. Such counsel shall not be required to disclose those executed Exhibit As except upon order of this Court.

10.      <u>Interrogatory Answers</u>. If an interrogatory seeks information or material that falls within any of the categories listed in paragraph A or B of this Order, the party answering such interrogatory may answer the interrogatory separately from the other interrogatories with which it was served and shall designate such separate answer as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" (as appropriate pursuant to paragraph 2(a) or (b) of this Order) by so marking the pages containing the answer.

11.      <u>Production By Others</u>. In the event an opposing party or a third party produces documents or materials that contain information of a party that falls within any of the categories listed in paragraph A or B of this Order without designating the materials "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," the party whose confidential information has been produced may designate those materials "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by informing all other receiving parties thereof as soon as reasonably practicable but in no case less than 60 days before trial. Upon receipt of such notice, the receiving parties shall promptly mark their copies of the material accordingly, shall thereafter treat the information as if it has been designated

"CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

12.    <u>Deposition Testimony</u>. All depositions or portions of depositions taken in this action that contain information of a party that falls within any of the categories listed in paragraph A or B of this Order may be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded other documents so designated. Designations of those pages of depositions which the designating party believes contain "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" information shall be made either on the record or by written notice to the other party within a reasonable time after receipt of the transcript, but in no event less than 60 days prior to trial. Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL" during the 45-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" information shall be taken only in the presence of persons who are qualified to have access to such information.

13.    <u>Subsequent Designations</u>. (a) If a party inadvertently produces documents or information that the party believes to be "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" without designating as such, the party that inadvertently produced material may designate it within a reasonable period, but in no event less than 60 days

prior to trial. Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order.

(b)       With respect to deposition testimony, a party must designate testimony that the party believes to be "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" within a reasonable period, but in no event less than 60 days prior to trial.

14.       Filings Under Seal. If any party or counsel for any party wishes to disclose any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material in any affidavit, brief, memorandum of law, oral argument, or other paper filed in the Court in this litigation, such papers or transcripts may be filed under seal only upon separate, specific motion and later order of the Court. For purposes of this paragraph, if any party or counsel for any party intends to submit any affidavit, brief, memorandum of law, or other paper disclosing the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material of another party in this Proceeding, or third party, such disclosing party shall contemporaneously file a motion provided for in this Paragraph requesting that the designated material be filed under seal. Any party whose confidential information is being disclosed in a submission to the Court in or with such affidavit, brief, memorandum, or other paper may join the submitting party's motion asking that the material be filed under seal or submit its own motion seeking such protection. If a request to file material under seal is sustained, all parties to this case shall cooperate with the Court and the Clerk in filing such material, including following the Court's administrative procedures for electronically filing documents under seal, and in establishing procedures for use of such material in this case.

15.       Subpoena of "CONFIDENTIAL" Materials. If a party in possession of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material

receives a subpoena or other legal compulsion seeking production or other disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material, that party shall immediately give written notice to counsel for the party that produced the material and shall identify the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material that has been sought and the date and time proposed for production or disclosure of the material. Any party objecting to the production or disclosure shall have the right to take timely action in the appropriate court or courts and the party from whom the material has been requested shall cooperate in such action. In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by order of the appropriate Court(s).

      16.    <u>Protection of Non-Parties</u>. A non-party who or which is obligated to provide discovery in this action by deposition, production of documents or otherwise, may obtain the protections of this Order as to said nonparty's information that falls within one of the categories described in paragraph A or B of this Order by following the procedures set forth herein with respect to the designation of documents, materials, or testimony provided. This Court, however, does not have jurisdiction over non-parties to order or require them to comply with the terms of this Order.

      17.    <u>Limitations Upon the Scope of Order</u>. Nothing contained in this Protective Order shall affect the right of party producing documents or information herein to disclose or use for any purpose any materials designated by it as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY." This Order shall not limit or affect the rights of any party to use

or disclose any information that has not been obtained through, or derived as a result of, this litigation.

18.    <u>Return of Materials Following Litigation</u>. Within 60 days of the termination of this action, including any appeals, any party who desires that "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials be returned by the opposing party(ies) shall notify counsel for a receiving party in writing, and that receiving party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials so requested or, at the option of the designating party, the receiving party will destroy all materials marked "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by another party that were not requested by such party to be returned to it as allowed by this paragraph. Outside counsel for the respective parties shall each certify in writing that all such materials of the opposing party have been returned or destroyed, as the case may be.

19.    <u>Sanctions for Violation</u>. Violation of this Order may be punished by the contempt powers of the Court and also may give rise to a civil cause of action. Within fourteen (14) days of a party learning of or suspecting a violation of this Order, such party shall give notice to the party believed to be in violation and request such party to take all appropriate steps to recover the information that was disclosed in violation of this Order and all appropriate steps to prevent or reduce harm to the party whose confidential information was disclosed.

20.    <u>Challenges to Designations</u>. Nothing in this Protective Order constitutes a finding or admission that any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials are in fact confidential or otherwise not subject to disclosure. Any party may dispute the confidential nature of any "CONFIDENTIAL" or "CONFIDENTIAL - FOR

ATTORNEYS' EYES ONLY" materials or may dispute that the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials are entitled to the protections of this Order and may move the Court for removal of the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation upon any such materials. Nothing in this Protective Order shall preclude the Court, *sua sponte*, from determining that a "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation is unwarranted and ordering the removal of such designation. If a dispute arises as to whether material, testimony, or information is entitled to protection pursuant to Fed. R. Civ. P. 26(c), the party seeking protection bears the burden of proving such protection is warranted. Neither a party's delay or failure to object or challenge the designation of materials, testimony and information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," nor a party's use of such materials as permitted by this Protective Order, including filing of such materials under seal, shall constitute an admission or agreement that the materials, testimony or information is entitled to legal protection.

21.     <u>Additional Protection</u>. The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Order.

22.     <u>Duration of Order</u>. The confidentiality obligations imposed by this Protective Order shall remain in effect unless otherwise expressly ordered by the Court. After the termination of this action, a party may seek leave to reopen this case for the purpose of seeking relief for any violation or threatened violation of this Order, although the Court's jurisdiction is terminated upon final disposition of the case.

IT IS SO ORDERED.

Dated this 18th day of June, 2012, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge

Respectfully submitted,


*/s/ Larry M. Schumaker (by consent)*                */s/ Clay V. Fulghum*

Larry M. Schumaker                                            Clay V. Fulghum, KS 23902
Schumaker Center for Employment Law, P.C.     cfulghum@lathropgage.com
10401 Holmes Road, Suite 480                          Rebecca L. McGinnis, KS 70024
Kansas City, Missouri 64131                               rmcginnis@lathropgage.com
                                                                          LATHROP & GAGE LLP
Attorneys for Plaintiff                                         2345 Grand Boulevard, Suite 2400
                                                                          Kansas City, Missouri 64108
                                                                          Telephone: (816) 292-2000
                                                                          Facsimile: (816) 292-2001

                                                                          Susan C. Lonowski (admitted pro hac vice)
                                                                          slonowski@fbtlaw.com
                                                                          FROST BROWN TODD LLC
                                                                          400 West Market Street, 32nd Floor
                                                                          Louisville, Kentucky 40202-3363
                                                                          (502) 589-5400
                                                                          (502) 581-1087 (facsimile)

                                                                          Counsel for Defendant Southern Star
                                                                          Central Gas Pipeline

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FRED ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12:CV-2144 EFM/JPO |
| | ) | |
| SOUTHERN STAR CENTRAL GAS | ) | |
| PIPELINE, | ) | |
| | ) | |
| Defendant, | ) | |

**DECLARATION OF _____**
**UNDER PROTECTIVE ORDER AGAINST UNAUTHORIZED**
**USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I, _____, declare as follows:

1.      My address and telephone number are _____

_____.

2.      I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" under a PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such PROTECTIVE ORDER.

3.      I further state that I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

4.      I understand I am to (i) retain all of the materials I receive that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY"

in a secure and safe place in a manner consistent with this PROTECTIVE ORDER; and (ii) keep all such materials in my custody until I have completed my assigned duties, whereupon they and all copies thereof, are to be returned to the party who provided them to me. I further understand that I am required to deliver to the party who provided the designated materials any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" or containing any information disclosed therein. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed

_____

Date

- 2 -

18850112v2